UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

NANCY EBOUKI,
a citizen and resident of Texas,

    Plaintiff,

v.

CARNIVAL CORPORATION, a
Panamanian Corporation d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, NANCY EBOUKI ("Plaintiff NANCY EBOUKI"), a citizen and resident of the State of Texas, sues the Defendant, CARNIVAL CORPORATION, a Panamanian Corporation d/b/a CARNIVAL CRUISE LINES ("Defendant CARNIVAL CRUISE LINES"), a corporation with its principal place of business in Florida, and alleges:

## JURISDICTION, VENUE AND PARTIES

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff NANCY EBOUKI is sui juris and is a resident and citizen of the State of Texas.

3. Defendant CARNIVAL CORPORATION is a Panamanian Corporation doing business as "Carnival Cruise Lines" with its principal place of business and headquarters in Miami,

Miami-Dade County, Florida. Defendant CARNIVAL CRUISE LINES is therefore a citizen both of Panama and of Florida for purposes of determining subject matter jurisdiction over this action.

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332, based on diversity of citizenship. Plaintiff is a citizen of the State of Texas, while the Defendant is a citizen both of Panama and of Florida for jurisdictional purposes. The injuries and damages alleged in Paragraphs 13 and 15 below, including an ankle fracture, support an award of damages in excess of the jurisdictional amount of $75,000.00.

5. At all material times, Defendant CARNIVAL CRUISE LINES has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over Defendant CARNIVAL CRUISE LINES exists in the United States District Court for the Southern District of Florida.

6. At all material times, Defendant CARNIVAL CRUISE LINES has engaged in the business of operating maritime cruise vessels for paying passengers, including Plaintiff NANCY EBOUKI.

7. In the operative ticket contract, Defendant CARNIVAL CRUISE LINES requires fare paying passengers such as Plaintiff NANCY EBOUKI to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because Defendant CARNIVAL CRUISE LINES' headquarters and principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action. The Plaintiff reported the accident to the ship's medical crew shortly after it occurred, and an incident report and written medical records were prepared onboard the ship. Furthermore, the Plaintiff

gave the Defendant timely written notice of her claim as required by the ticket contract on May 30, 2023. Notice of Intent is attached as "Exhibit A".

## LIABILITY AND DAMAGE ALLEGATIONS
## COMMON TO ALL COUNTS

10. At all material times, Defendant CARNIVAL CRUISE LINES was engaged in the business of operating maritime cruise vessels for fare-paying passengers and for this purpose operated, among other vessels, the "Elation."

11. At all material times, Defendant CARNIVAL CRUISE LINES operated, managed, maintained, and was in exclusive control of the Elation.

12. At all material times, including the injury date of April 22, 2023, Plaintiff NANCY EBOUKI was a fare paying passenger aboard the Elation and in that capacity was lawfully present aboard the vessel.

13. On April 22, 2023, Plaintiff NANCY EBOUKI was aboard the Elation on Deck 10 as a fare paying passenger. She obtained food at the buffet and descended the stairs from Deck 10 to Deck 9.  While descending the stairs, she slipped on a wet, slippery or transitory substance and fell down the stairs. She sustained serious injuries including a concussion. The stairs Plaintiff NANCY EBOUKI was descending were in a dangerous condition due to the transitory or slippery substance, making the stair surface unreasonably slippery.  The dangerous condition was not open and obvious to Plaintiff NANCY EBOUKI or to a reasonable passenger in Plaintiff NANCY EBOUKI's circumstances, since the slippery substance was unnoticeable.

14. At all material times, Defendant's actual and/or constructive knowledge derived from prior similar slip-and-fall incidents that occurred on the Elation and/or vessels within the same or similar class ships, including, but not limited to, the following:

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

a)   *See, e.g.*, *Rivera-Serralta v. Carnival Corp.*, No. 1:24-cv-20924 (S.D. Fla. filed Mar. 8, 2024) – the plaintiff was descending the interior staircase located between Deck 8 and 9 when he slipped and fell. As a result of the fall, he sustained injuries. This prior incident occurred in the sister vessel named "Paradise" on April 17, 2023.

15.   As a direct and proximate result of the fall described in paragraph 13, Plaintiff NANCY EBOUKI was injured in and about her body and extremities, sustaining injuries including a concussion, suffered pain therefrom, and sustained mental anguish, disfigurement, disability and the inability to lead a normal life, and aggravation or activation of preexisting conditions. Furthermore, she incurred medical, hospital, and other out of pocket and health care expenses in the past and is reasonably certain to occur such expenses in the future as a result of her injuries. Plaintiff NANCY EBOUKI has also suffered lost wages and benefits in the past and a loss of future earning capacity. These damages are permanent or continuing in their nature and Plaintiff NANCY EBOUKI will continue to sustain and incur these damages in the future.

## COUNT I - NEGLIGENT MAINTENANCE

16.   Plaintiff NANCY EBOUKI adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

17.   At all material times, Defendant CARNIVAL CRUISE LINES owed Plaintiff NANCY EBOUKI, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to maintain its vessel including the subject stairs in a reasonably safe condition.

18.   At all material times, Defendant CARNIVAL CRUISE LINES had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above, due to the length of time the slippery condition of the surface of the stairsteps had been present before Plaintiff NANCY EBOUKI slipped on them and fell, Defendant CARNIVAL CRUISE LINES's inspection

schedule and cleaning policies applicable to the stairs, the recurring nature of the condition, prior similar incidents as alleged in Paragraph 14, the continuous traversing of passengers and crew members necessitating their cleaning and maintenance, or otherwise.  There existed sufficient time to invite corrective measures.

19. Notwithstanding the actual or constructive knowledge of Defendant CARNIVAL CRUISE LINES as alleged above, Defendant CARNIVAL CRUISE LINES failed to detect or correct the hazardous condition of the subject stairs before Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above, and was thereby negligent.

20. The specific acts of negligence of Defendant CARNIVAL CRUISE LINES include:

a) failing to maintain the surface of the stairsteps in a reasonably safe condition;

b) failing to conduct sufficiently frequent or timely inspections of the area where Plaintiff NANCY EBOUKI fell in order to detect hazardous conditions such as the slippery surface present at the time Plaintiff NANCY EBOUKI slipped and fell;

c) failing to clean and dry the area where Plaintiff NANCY EBOUKI fell in a timely manner;

d) failing to correct the dangerous condition in a timely manner;

e) failing to cordon off the area where Plaintiff NANCY EBOUKI fell pending cleaning and drying of the stairsteps' surface;

f) failing to use proper cleaning supplies or agents, the use of which would have prevented the subject surface from being slippery;

g) failing to repair any applicable worn carpets on the stairs;

h) failing to use or place nonskid mats or covering on the area where Plaintiff NANCY EBOUKI slipped and fell; and

i) failing to conduct sufficiently frequent or timely inspections of the surface of the stairsteps in order to detect hazardous conditions such as the slippery area present at the time Plaintiff NANCY EBOUKI slipped and fell.

21. As a direct and proximate result of one or more of the negligence acts of Defendant CARNIVAL CRUISE LINES as described above, Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff NANCY EBOUKI demands judgment against Defendant CARNIVAL CRUISE LINES for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## COUNT II - NEGLIGENT FAILURE TO WARN OF HAZARD

22. Plaintiff NANCY EBOUKI adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

23. At all material times, Defendant CARNIVAL CRUISE LINES owed Plaintiff NANCY EBOUKI, as a fare paying passenger lawfully on board its vessel, a duty of reasonable care for her safety, including a duty to warn passengers including Plaintiff NANCY EBOUKI of onboard dangerous conditions of which it had actual or constructive notice.

24. At all material times, Defendant CARNIVAL CRUISE LINES had actual and/or constructive notice of the dangerous condition described in Paragraph 13 above, due to the length of time the slippery condition of the surface of the stairsteps had been present before Plaintiff NANCY EBOUKI slipped on them and fell, Defendant CARNIVAL CRUISE LINES's inspection

schedule and cleaning policies applicable to the stairs, the recurring nature of the condition, prior similar incidents as alleged in Paragraph 14, the continuous traversing of crew members and passengers necessitating the cleaning and maintenance of the stairs, or otherwise. There existed time to invite corrective measures.

25. Notwithstanding the actual or constructive knowledge of Defendant CARNIVAL CRUISE LINES as alleged above, Defendant CARNIVAL CRUISE LINES failed to warn passengers including Plaintiff NANCY EBOUKI adequately of the hazardous condition before Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above, including a failure to provide adequate warning through adequate written or orally delivered warnings, appropriate signage or markings, placement of cones, cordoning off the dangerous area pending its cleaning and drying, or otherwise.

26. As a direct and proximate result of the negligent failure to warn by Defendant CARNIVAL CRUISE LINES as alleged above, Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff NANCY EBOUKI demands judgment against Defendant CARNIVAL CRUISE LINES for compensatory damages and the costs of this action, and further demands trial by jury of all issues so triable as of right.

### COUNT III – VICARIOUS LIABILITY FOR NEGLIGENT MAINTENANCE BY CREWMEMBERS

27. Plaintiff NANCY EBOUKI adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

28. At all material times, the crewmembers onboard the Elation responsible for inspection, cleaning, and other maintenance of the subject stairs owed fare paying passengers

7

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

onboard the Elation, including Plaintiff NANCY EBOUKI, a duty of reasonable care for their safety, including a duty to inspect, clean maintain the subject stairs in a timely and competent manner so as to maintain the stairs in a condition reasonably safe for passenger use.

29. At all material times, Defendant CARNIVAL CRUISE LINES was vicariously liable for any negligence or failure to exercise reasonable care in inspection, cleaning, and maintenance of the subject stairs on the Elation by its crewmembers as referenced in the preceding paragraph, since those crewmembers were acting in furtherance of the business of the vessel in performing those tasks.

30. At all material times, the subject stairs onboard the Elation were a dangerous condition as described in Paragraph 13 above.

31. At all material times, the crewmembers onboard the Elation responsible for inspection, cleaning, maintenance of the subject stairs breached their duty of reasonable care in inspecting, cleaning, and maintaining the subject area.

32. The specific acts of negligence of the responsible Defendant CARNIVAL CRUISE LINES crewmembers referenced above, for which Defendant CARNIVAL CRUISE LINES is vicariously liable as alleged above, include:

a) failing to maintain the surface of the stairsteps in a reasonably safe condition;

b) failing to conduct sufficiently frequent or timely inspections of the area where Plaintiff NANCY EBOUKI fell in order to detect hazardous conditions such as the slippery surface present at the time Plaintiff NANCY EBOUKI slipped and fell;

c) failing to clean and dry the area where Plaintiff NANCY EBOUKI fell in a timely manner;

d) failing to correct the dangerous condition in a timely manner;

e) failing to cordon off the area where Plaintiff NANCY EBOUKI fell pending cleaning and drying of the stairsteps' surface;

f) failing to use proper cleaning supplies or agents, the use of which would have prevented the subject surface from being slippery;

g) failing to repair any applicable worn carpets on the stairs;

h) failing to use or place nonskid mats or covering on the area where Plaintiff NANCY EBOUKI slipped and fell; and

i) failing to conduct sufficiently frequent or timely inspections of the surface of the stairsteps in order to detect hazardous conditions such as the slippery area present at the time Plaintiff NANCY EBOUKI slipped and fell.

33. As a direct and proximate result of the negligence of Defendant CARNIVAL CRUISE LINES crewmembers as alleged above, for which Defendant CARNIVAL CRUISE LINES is vicariously liable as alleged above, Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff NANCY EBOUKI demands judgment against Defendant CARNIVAL CRUISE LINES for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

### COUNT IV – VICARIOUS LIABILITY FOR NEGLIGENT FAILURE TO WARN OF HAZARD BY CREWMEMBERS

34. Plaintiff NANCY EBOUKI adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 15 above and further alleges the following matters.

35. At all material times, the crewmembers onboard the Elation responsible for inspection, cleaning and maintenance of the subject stairs owed fare paying passengers onboard

the Elation, including Plaintiff NANCY EBOUKI, a duty of reasonable care for their safety, including a duty to warn passengers including Plaintiff NANCY EBOUKI adequately of any dangerous conditions in the area of which they knew or should have known in the exercise of reasonable care.

36. At all material times, Defendant CARNIVAL CRUISE LINES was vicariously liable for any negligence or failure to exercise reasonable care by crewmembers in warning passengers on the Elation as referenced in the preceding paragraph, since those crewmembers were acting in furtherance of the business of the vessel when inspecting, cleaning and maintaining the subject stairs.

37. At all material times, the subject stairs were a dangerous condition on the Elation, as described in Paragraph 13 above.

38. At all material times, the crewmembers onboard the Elation responsible for inspection, cleaning, and maintenance of the subject stairs breached their duty of reasonable care in warning passengers by failing to warn passengers, including Plaintiff NANCY EBOUKI, of the dangerous condition described in Paragraph 13 above through orally delivered or written warnings, appropriate signage, markings, or placement of cones, cordoning off the dangerous area pending its cleaning, drying, maintenance, or otherwise, and were thereby negligent.

39. As a direct and proximate result of the negligence of Defendant CARNIVAL CRUISE LINES crewmembers described above, for which Defendant CARNIVAL CRUISE LINES is vicariously liable as alleged above, Plaintiff NANCY EBOUKI slipped and fell as alleged in Paragraph 13 above and has thereby sustained and will continue in the future to sustain the damages alleged in Paragraph 15 above.

**WHEREFORE,** Plaintiff NANCY EBOUKI demands judgment against Defendant CARNIVAL CRUISE LINES for compensatory damages and the costs of this action and further demands trial by jury of all issues so triable as of right.

## DEMAND FOR JURY TRIAL

Plaintiff NANCY EBOUKI hereby demands trial by jury of all issues so triable as of right. Executed this 22nd day of July, 2024.

*/s/Philip M. Gerson*
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID L. MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
JULIO D. TORRES
Florida Bar No. 1040446
jdtorres@gslawusa.com
filing@gslawusa.com
GERSON & SCHWARTZ, P.A.
1980 Coral Way
Miami, Florida 33145
Telephone: (305) 371-6000
Facsimile: (305) 371-5749
*Attorneys for Plaintiff*